OPINION
{¶ 1} In 2003, appellant, Autumn Health Care of Coshocton, Inc., a skilled nursing home facility, enlisted the services of appellee, Coshocton County EMS, LLC, an ambulance company, to transport two of appellant's residents to medical appointments on five different occasions. Appellee billed appellant $4,862.50 for the services. Appellant did not pay the bill.
 {¶ 2} On July 26, 2005, appellee filed a complaint against appellant for money due and owing. On February 10, 2006, appellee filed a motion for summary judgment. By judgment entry filed March 15, 2006, the trial court granted the motion and ordered appellant to pay appellee $4,862.50 plus interest.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST THE APPELLANT, AUTUMN HEALTH CARE OF COSHOCTON INC., THERE BEING GENUINE ISSUES OF MATERIAL FACT WHICH WERE DISPUTED AND SHOULD HAVE BEEN DEVELOPED AND FULLY HEARD AT TRIAL. SUCH ACTION ON BEHALF OF THE TRIAL COURT WAS AN ABUSE OF DISCRETION."
 I {¶ 5} Appellant claims the trial court erred in granting summary judgment to appellee and in awarding damages. We agree in part.
 {¶ 6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 9} Appellant argues genuine issues of material fact exist as to the existence of a quasi contract and the amount due on the account. Both parties submitted affidavits on the issues. Also, appellee filed appellant's responses to admissions and interrogatories with its motion for summary judgment.
 {¶ 10} In the admissions, appellant specifically admitted to requesting the ambulance services and that appellee performed the services. See, Admission Nos. 1 and 2. However, appellant specifically denied the charges were reasonable and the services rendered were not Medicare covered expenses. See, Admission Nos. 4, 11 and 12. Appellant also claimed appellee should have sent a "demand bill" to "Medicare for review to determine applicability for payment." See, Affidavit of Judy Moore, Director of Operations for Appellant, filed February 22, 2006. Ms. Moore also stated "the charge for services set forth in the complaint are excessive and exceed the Medicare PPS rate." Attached to its February 10, 2006 motion for summary judgment, appellee submitted the affidavit of Eileen Scarrett-Dudgeon, CEO of Medbill Resources, Inc., a contractor for appellee for billing and receivables matters. Ms. Scarrett-Dudgeon acknowledged the individuals transported were Medicare Part A patients, and stated the amount billed to appellant was "a reasonable price for ambulance companies in central Ohio, similar to Plaintiff, to charge for the transports" in the case sub judice.
 {¶ 11} We find the trial court was correct in finding genuine issues of material fact did not exist on the issues of appellant requesting the services and appellee performing the services. However, we do find genuine issues of material fact do exist on the issues of the reasonableness of the charges for the services rendered and the parties' responsibility for Medicare submission.
 {¶ 12} The sole assignment of error is granted on the issues of the reasonableness of the charges for the services rendered and Medicare submission.
 {¶ 13} The judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part and reversed in part.
By Farmer, J. Gwin, P.J. concurs and Hoffman, J. concurs in part and dissents in part.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed in part and reversed in part and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between the parties.